**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THIERRY NKURUNZIZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2066-J |

# ORDER

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who entered a Report and Recommendation recommending the Court (1) grant Petitioner's petition to the extent it seeks release under 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001) and decline to reach Petitioner's remaining grounds for release; (2) order Petitioner's immediate release, subject to an appropriate Order of Supervision (OOS), and (3) deny the pending motion for temporary restraining order and preliminary injunction as moot. The parties were advised of their right to object to the Report and Recommendation by November 6, 2026. Respondents filed an objection [Doc. No. 16] which triggers de novo review, and Petitioner filed a response to Respondents' objection [Doc. No. 17].

## I. Background

Petitioner is a citizen of Burundi who entered the United States on or around April 20, 2005. Sometime thereafter, the Department of Homeland Security (DHS) initiated removal proceedings against Petitioner with the Immigration Court. Petitioner later filed applications for asylum, withholding of removal, and protection under the Convention Against Torture. In January 2011, an Immigration Judge denied Petitioner's applications for immigration relief and ordered

him removed to Burundi. Petitioner timely appealed the decision to the Board of Immigration Appeals (BIA), and on August 23, 2012, the BIA denied Petitioner's appeal, making his removal order administratively final.

On January 25, 2011, the United States Immigration and Customs Enforcement (ICE) released Petitioner subject to an OOS. For nearly fifteen years, Petitioner lived outside of ICE custody as DHS sought to secure his removal. Sometime in 2019, Petitioner reached out to the Burundi consulate to obtain a Burundian passport. On April 25, 2019, the Burundi consulate informed Petitioner that he must be physically present in Burundi to obtain a new passport.

On December 22, 2025, following a routine check-in, ICE re-detained Petitioner. On March 10, 2026, ICE Enforcement and Removal Operations (ERO) submitted a travel document application to the Burundi consulate. On August 21, 2026, a Burundian representative was scheduled to interview Petitioner. Petitioner asserts the interview did not occur; Respondents state the Office of the Principal Legal Advisor for DHS and ICE indicates Petitioner had an interview with the First Counselor at the Embassy of the Republic of Burundi in August 2026.

## II. <u>Relevant Authority</u>

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained without violating the Fifth Amendment of the United States Constitution. *See id.* at 701. *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

## III. Analysis

In the Report and Recommendation, Judge Mitchell concludes that Petitioner's indefinite detention under 8 U.S.C. § 1231(a)(6) violates Petitioner's Fifth Amendment due process rights, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). Specifically, Judge Mitchell finds Petitioner has met his initial burden of showing his post-removal order detention has surpassed six months and has provided good reasons to believe there is not a significant likelihood that he will be removed in the reasonably foreseeable future. Judge Mitchell further finds Respondents have not rebutted Petitioner's showing. In their objection, Respondents assert there are no institutional barriers to removal of the type contemplated by *Zadvydas* in this case. Respondents further contend federal immigration officials have made meaningful progress to effect Petitioner's removal.

Having reviewed the court file, the Court concurs with Judge Mitchell's finding. It is undisputed that Petitioner has been detained over six months. Further, while Respondents assert ICE-ERO expects to remove Petitioner to Burundi on the next available mission following receipt of travel documents, Respondents have not shown the travel documents are likely to be received in the reasonably foreseeable future. It is undisputed that Burundi has not issued a travel document and has not stated that it will be issuing a travel document. Additionally, Petitioner has presented a sworn declaration that "no official of the Republic of Burundi has interviewed me or spoken with me since I was detained, and no one has told me that a travel document has been issued for me." Declaration Under 28 U.S.C. § 1746 [Doc. No. 17] at 15.

## IV. Conclusion

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 15], GRANTS Petitioner's Petition for Writ of Habeas Corpus insofar as it seeks release under 8 U.S.C.

§ 1232 and *Zadvydas*, ORDERS Petitioner be released from custody immediately, subject to an appropriate OOS,[1] and DENIES Petitioner's motion for temporary restraining order and preliminary injunction [Doc. No. 1] as MOOT. Additionally, Respondents shall certify compliance by filing a status report within seven business days affirming Petitioner has been released from custody.

IT IS SO ORDERED this 23rd day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[1] 8 C.F.R. § 241.5 governs the issuance and conditions of orders of supervision.